OPINION OF THE COURT
Mario M. Albanese, J.
Defendant-appellant appeals his conviction following a jury trial in the Town of Northampton (Elwood Ginter, J.) on March 21, 1978, at which time the jury found defendant guilty of the crime of discharging a firearm within 500 feet of a dwelling house (ECL 11-0931, sub 4, par a, cl [2] [Fish and Wildlife Law]) ,but failed to reach a decision on the charge of cruelty to animals (Agriculture and Markets Law, § 353).
Defendant-appellant appeals from that part of the jury verdict finding defendant guilty of the charge of discharging a firearm within 500 feet of a dwelling house.
Defendant-appellant raises three issues on appeal: (1) The Trial Judge committed reversible error by unduly lim *441 ting defense counsel’s right of cross-examination. (2) The Justice Court of the Town of Northampton did not have jurisdiction of the alleged crime which occurred in the Town of Mayfield. (3) The defendant was deprived of a fair trial by the misconduct of the Trial Judge in conducting the trial.
The court finds the jurisdictional issue to be the most serious one raised by the appellant; therefore, will direct its attention first to that issue. Resolution of that issue is dispositive of this appeal.
The alleged offense occurred within the Town of Mayfield but according to representations of the District Attorney before trial, was transferred by Justice Parker of that court to the Town of Northampton on the Judge’s own motion. The reason for the transfer was represented to be because Justice Parker was to appear as a witness for the People. It was further represented that the other Town of Mayfield Justice (Charles Phillips, J.) was “no longer a practicing Town Justice.”
The District Attorney, however, in his memorandum and during oral argument stated that the People made an oral motion (via telephone) to Judge Parker at defendant’s arraignment, and the case was immediately transferred. Defendant objected to the lack of jurisdiction immediately at the commencement .of trial.
The procedure for removal (or transfer) of an action from one local criminal court to another is set forth in CPL 170.15.
CPL 170.15 (subd 3) provides in relevant part: “[A] judge of the county court of the county in which such * * * town court * * * is located may, upon motion of the defendant or the people, order that the action be transferred for disposition from the court in which the matter is pending to another designated local criminal court of the county, upon the ground that disposition thereof within a reasonable time in the court from which removal is sought is unlikely owing to: (a) Death, disability or other incapacity or disqualification of all judges of such court” (emphasis added).
*442 The record and transcript of the trial proceedings is devoid of a motion by the defendant or the People to remove the case. Rather, it clearly reveals (on the representations of the District Attorney that Judge Parker ordered the transfer by his own motion. Further, there is no evidence (other than the representations of the District Attorney) that either of the Justices of the Town of Mayfield was dead, disabled or otherwise incapacitated or disqualified. Finally, CPL 170.15 (subd 3) clearly provides for the motion to be acted upon by the County Judge, not the Judge of the court from which the transfer is being sought.
Accordingly, the only conclusion can be that the alleged transfer from the Town of Mayfield Justice Court to the Town of Northampton Justice Court was totally without authority. Consequently, any proceeding in the Town of Northampton Justice Court was without jurisdiction and void ab initia.
It is no answer by the District Attorney that an oral motion was made. There is no evidence of such motion, and furthermore, even assuming it was made, no notice or opportunity to be heard was given defendant. Lastly, this representation contradicts the District Attorney’s representation on the record in the transcript as to who made the motion.
Although the lack of jurisdiction is fatal to the proceedings had in the Town of Northampton Justice Court mandating a reversal of the conviction in question as a result of which the remaining issues are rendered technically moot; nonetheless, in the interest of avoiding future error in the court below in limiting cross-examination, some comment on that issue is warranted.
The Trial Judge stated on the record that the “law says” that he, the Trial Judge, “definitely” has the “right” to “cut off” the defendant on cross-examination at twice the amount of time taken on direct examination. The Trial Judge further stated that he, the Trial Judge, had this point of law underlined in a book, and that he had his watch in front of him. Both the District Attorney and defense counsel indicated they were not aware of any such rule, nor is this court.
*443 Cross-examination is a fundamental right of the defendant. The People, on direct examination, brings out its case against the defendant. On cross-examination, defendant has a right to further develop the facts as well as to reveal any bias, inconsistencies or other factors bearing on the probity of the witness or in relation to other facts adduced at trial. Thus, cross-examination must be allowed liberally within the parameters of court’s discretion as to limiting needless repetition, collateral matters, or other impermissible inquiry or procedure. However, this court is not aware of any rule limiting cross-examination on the basis of poundage, bulk, verbiage or time for that matter — nor is there any bench mark, rule of thumb or other objective or arbitrary basis for limiting cross-examination to a specific duration. While it is not the basis for reversal in this instant due to the disposition on jurisdictional grounds, it may well have otherwise constituted reversible error in itself.
In accordance with the foregoing, the judgment of conviction appealed from is reversed, a new trial granted the defendant-appellant and this case is remitted to the Town of Mayfield Justice Court for proceedings not inconsistent with this opinion.